Our next case for argument this morning is Horshaw v. Casper Mr. Earley May it please the court, Cormac Earley on behalf of the plaintiff, Kirk Horshaw A few days before my client was attacked and nearly killed by members of the prison gang he warned both the guard and the warden that he had received a threat on his life from members of the gang It's undisputed that neither one did anything to protect him The only disputed issues in this case are first of all whether the warning my client provided to the guard was sufficiently specific and second, whether the letter he sent to the warden ever actually reached the warden And it's worth noting at the outset that defendants are not arguing in this appeal that the warning contained in the letter to the warden was not sufficiently specific They only argue that it didn't reach him And that's important because the only distinction defendants have ever pointed to between the two warnings is that the letter to the warden mentioned a gang and they now argue that the warning to the guard did not There are two problems with that argument First is that in their own statement of undisputed material facts the defendants accept that my client stated that he had been threatened for disrespecting a gang member and would be eradicated And that statement binds them on this appeal Even evidence in the record notwithstanding That was with respect to the warden or Casper or both? That was Casper So in the statement of undisputed material facts says that my client stated that he told Casper that he had been threatened for disrespecting a gang member And accepting that as true, the warnings Where in the record will we find that he mentioned the involvement of a gang? So that's in his deposition and that's the second argument for why defendants argument is not persuasive here And it's simply that while we accept that my client did not specifically use the word gang when asked what he told the guard, Sergeant Casper The best reading of the deposition as a whole Is that he had explained at that point in the deposition three times already The full contents of the threat he had received And he'd already said twice that he'd communicated that threat to Casper And so, albeit somewhat inartfully He incorporated the full contents of the threat in his response to that question And that's at least as plausible a reading of the deposition and the surrounding context As defendants contrary inference Which is that my client who had received a note that he believed From a gang threatening his life Fearing for his life, immediately approached the first prison officer he saw And asked for protection And that Sergeant Casper then discussed the threat with him Said he believed that it was credible and serious and would take it to the warden And yet somehow my client never mentioned probably the most important detail Which is that the threat came from a prison gang And when we're at the summary judgment stage That inference is available and must be drawn in favor of my client And if he did mention a gang Then it's clear from this court's precedence that that was a sufficiently specific threat To alert both the guard and the warden to the need to protect himself I'm concerned about the claim against the warden Why does sending a letter to a warden make the warden responsible for everything that happens? We've said in quite a few cases that wardens And attorneys general and secretaries of defense Are entitled to rely on the division of labor And they can't be made personally responsible for anything Just by sending them letters Well this court has also recognized that Well there's certainly no respondeat superior doctrine No, you're not thinking about this the way I'm trying to get you to think about it We held in advance against Rumsfeld An en banc decision six years ago That sending a letter to the secretary of defense saying Your subordinates are misbehaving in the following ways Did not make the secretary personally responsible for that misbehavior And that was on a principle of organization That everybody, the head of every organization Can rely on the division of labor to do their job Unless there is an objection to the policies established by the secretary Now if there is an objection to the policies established by the warden About how these letters are to be dealt with You know, how charges of gang violence are to be dealt with One can imagine liability But if it's just that the warden did not behave like an operational officer And behaved instead like a supervisor That's problematic under Vance That's the kind of question I'm asking Right, so specifically in the Farmer v. Brennan line of cases Involving prison officials particularly as opposed to Executive officials more generally This court has recognized that notice to a warden So another Vance case, Vance v. Peters Do you think we have decisions contrary to an en banc decision? Which wins? I don't think it's contrary, your honor I think the prison context is in many respects You don't think it's contrary? You really know Vance? It didn't sound like you did Well that's the other problem with that argument, your honor Which is that no one has agreed on Vance How do you say the position is contrary to Vance if you haven't read it? You might say I'm sorry, I don't know that case I'm not in any position to discuss it But saying well that position is contrary to Vance When you haven't read it is not a way to proceed Certainly, your honor, and all of those answers apply But I would say based on your description of Vance Just in this argument It does not sound like it's contrary Because that was a case involving an executive officer Generally, and there are cases from this court Clearly holding that wardens in the prison context specifically When given personal knowledge Either in the form of a letter Or in the form of being directly told of a warning Can be liable under the Farmer v. Brennan line of cases And defendants have never disputed that possibility of liability So to the extent there is an argument Well that's a different point They may have forfeited this line of argument Right, that argument has not been raised at all in this case And that would be why I'm not familiar with Vance Counsel, I had understood our cases dealing with wardens to say Not that a warden can't rely on subordinate staff to address such a matter But that he would at least have to delegate If he gets a warning The warden doesn't have to go investigate himself or herself But needs to make sure that somebody does Right, and the problem in this case is that the warden did nothing at all And the only justification advanced for that lack of action Is not that he relied on policies Or that he relied on his subordinates It's that he never received the letter at all And the proof, they have two pieces of evidence for that One is that he says in his deposition that he didn't remember it Of course that evidence is impeached because he said he didn't remember Any letters from my client and he clearly received at least one That's undisputed The other piece of evidence is the kite log Which was produced long after the close of discovery And long after counsel below had any opportunity To take discovery to impeach the declaration accompanying that kite log And so the prejudice to my client from considering the kite log At summary judgment is obvious I thought your position was also though that Even if the kite log is properly before the court All it does is present a disputed issue of fact Right, so essentially if the kite log is properly considered Which again we dispute Then a reasonable jury would have to either infer That something went wrong in the delivery system In the prison mail system Or something went wrong in the recording system Clearly at least one of those flaws must have happened And there's no sufficient evidence to break the tie Between those inferences and so it should go to a jury But the case is alive To guess which one is right? Well to determine the credibility for example Of the warden's secretary who would testify As against my client who would testify About the ordinary operation of prison mail And his understanding of placing the letter between the bars But the kite log is not properly before the court On summary judgment which makes this case a lot easier And I see that I'm running into my rebuttal time So if there are no further questions I'll sit down Thank you Certainly counsel Ms. Boccianza May it please the court Assistant Attorney General Linda Boccianza On behalf of defendants This court has repeatedly noted That prisons are dangerous places Often full of people who have demonstrated aggression As such the Eighth Amendment is not violated Every time an inmate gets attacked by another inmate Instead a prison official is only liable If she knows of and disregards An excessive risk to the inmate's safety How is a complaining inmate supposed to assess The probability of being attacked? There's a feeling in your brief And in the district court's opinion That because the letter didn't state The time, place and manner of the attack It could be ignored But of course potential murderers don't Except in an Agatha Christie story A murder is announced Murderers don't state the time, place and manner of the crime On your view doesn't that make everything ignorable? No your honor that's certainly not our view Our view is not that he should have Intuited who would attack him Our view and the case law supports That he had to present the prison officials With enough objective information To enable them to do something about his complaint So in this case I honestly don't know what more he could have done You know the warden seems to have testified That if he had received the letter That Horshaw says had sent That the warden would have Immediately placed him in protective custody Why isn't that dispositive of the issue Of whether the threat was specific enough To warrant a response Or why is that not enough To you know put the issue to a jury Well your honor this with respect to So Casper is the official who Horshaw says he handed the note to And he says that in the note he stated That I received a threatening note That I would be beaten and that I needed help This court has cases that say that Such notice is not enough To put the official on alert That there's an imminent risk to the inmate's safety So in Grieveson versus Anderson The inmate told officers That he was afraid of other inmates And that he wanted to be moved And this court ruled that such vague information Did not put jail officers on notice To a specific Other inmates right How about a gang Your honor there are The record suggests that there are several gangs in Menard And Horshaw didn't identify Which gang to narrow it down I'm sorry Couldn't they have asked him Well Atchison never received his letter That's your theory Okay how about Casper Casper he Certainly he could have asked him But Horshaw also could have Offered that information Which would have again Put Casper on notice of a more specific And more direct threat to his safety There are And the fact that there is a gang involved I'm not sure how much that narrows it down Because the record suggests that there are Several gangs at Menard So Whether a gang in the abstract Had threatened him Doesn't necessarily put officers on notice Of a specific threat to his safety So this court has ruled that Complaints that identify A specific credible and imminent risk of serious harm Are enough to support Could you give me an example of Something that does that But does not sound like A murder is announced Yes your honor So in the record shows that in this case Horshaw was beaten because He insulted He insulted someone during a card game So had he written a note Saying something to the effect of I got into an argument At a card game With these inmates And I would like help That would have been more specific And that would have been more direct And the officers would have been able to Is our case law Where in our case law do we require That level of specificity Well in Jeevis versus McLaughlin This court said That a complaint that identifies A specific credible and imminent Risk of serious harm And just saying in the abstract I'm afraid that someone is going to Beat me Well I understand that We're in between here Right So where do you get the requirement That it be more specific Than this I think that Jeevis versus Anderson Involved a threat that was Similarly vague in our view And this court said that that was not Enough to show that there was A serious risk to the inmate's harm And again the question is Whether the prison officials were Subjectively aware that there Was an imminent risk to their To the inmate's safety And in this case simply stating Someone threatened me I'm afraid That's not enough to put the officers on notice of An imminent risk to his safety So Horshaw's evidence with regard to Stating that a high ranking Gang member threatened to eradicate him But actress He both Mentioned it And handed Over a note To Casper I You know I was Taken with your argument That the log Conclusive evidence That the warden did not Receive the letter Because it seems more like Evidence that the letter wasn't Recorded on the log Not that it wasn't received Why isn't there A competing inference That the prison mail system Worked As it was supposed to work Well your honor Horshaw had counsel below And he submitted His opposition to summary judgment In March of 2016 The district court issued its opinion In September and in that time Horshaw never sought to Reopen discovery in order to Ask the warden's assistant About her record keeping Didn't he object though to Consideration of his late evidence He didn't file a formal Objection what he did was in his Opposition in a few Lines on the first page of his opposition Most district courts prefer that To separate motions to strike Right I Understand your honor was a district court so I will Assume that that's correct It is But given that Objection Um It's hard for me to See How A defendant moving party for summary Judgment is relying on Evidence that should properly be Excluded under rule 37 And you raise that proper Objection Do you also have to say and by the way In the alternative I'd like to do Some more discovery I'm not sure that We need to set an ironclad Rule that that's what should occur In all cases but Why here I would submit That even in this case Even if the log Was removed which I don't I don't think It should be I think that it was within district What's the excuse under rule 37 For failing to produce it I don't know Exclusion is mandatory unless you've got A good reason and the district judge decides To accept it I haven't seen a reason here Fair enough well even if you're What was The justification that was given As I understand it your honor The district court the parties agreed To move back The deadline for filing dispositive Motions um and As I read the record I think that Council didn't understand That that didn't affect the discovery Deadline and so The log that's Being challenged was attached to His summary judgment motion But hadn't been produced in advance Of the discovery deadline This would seem To have been Within the scope of even Mandatory initial disclosures Under rule 26 A1 Okay your honor Um even if that's the case And even if we remove the log Um from consideration still The letter that he sent To the warden was not specific Enough to put the warden on notice The warden testified that If I had gotten this I would have put him immediately Right In protective custody as Judge Schroeder pointed out Even if that is the case your honor We would submit that the defendants Were still entitled to qualified immunity Because clearly established Law doesn't dictate That a warden or a Correctional officer having received One letter and not Properly investigating A threat to an inmate that they necessarily Violate the constitution Unless this court has Additional questions Well I do have a question Whether you're relying on the theory of part Four of Vance against Rumsfeld Your honor I am not familiar with Vance against Rumsfeld Okay well then you're obviously not relying on the theory of part four Of Vance against Rumsfeld Thank you Mr. Early Anything further Yes your honor just briefly This court and the supreme court Clearly established long before the time Of this attack that knowledge of a Particularly threatening class Of inmates is sufficient If a prison official has that knowledge To put them on notice that they need to protect An inmate so in farmer Against Brennan itself Where the threat was to a preoperative Transgender female inmate in an all Male prison the class Of inmates was everyone At least in 1994 In brown against buds the class of inmates In that particular institution Was African Americans which of course African American inmates are not an Inherently dangerous class of prisoners Here the threat was from Prison gang members generally Which of course is an inherently Threatening class of prisoners Of course it would have been more specific to say Which particular gang But on the strength of those precedents it's absolutely Clear and certainly for qualified immunity Purposes But the class was specific enough to put everyone Who received that warning on notice Thank you Thank you very much Mr. Early We appreciate your willingness And that of your law firm to accept Our request in this case And the assistance you've been to the court as well Thank you for your time The case is taken under advisement